UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------x

UNITED STATES OF AMERICA,      :

       - against -      :      15-cr-00667(KPF)

JOHN L. SALATINO,      :      SERVED AND FILED VIA ECF

       Defendant.      :

---------------------------------------------------x

### MOTION FOR RELEASE TO HOME CONFINEMENT, OR REDUCTION TO TIME-SERVED, DUE TO DEFENDANT NEARING COMPLETION OF SENTENCE, HIGH RISK OF COVID-19 INFECTION, AND FAMILY MEDICAL EMERGENCY

John L. Salatino, the Defendant herein, through his undersigned counsel, respectfully moves before the Hon. Katherine Polk Failla, U.S.D.J., pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) and 18 U.S.C. § 3624, for an order directing his immediate release from his present place of imprisonment (MDC/Brooklyn) to home confinement for the short remaining balance (approximately six weeks) of his sentence, or, in the alternative, reducing his sentence to time-served. In support of the motion, counsel relies on the following incorporated memorandum of law and separate appendix.

Respectfully Submitted,
*/s/ David A. Ruhnke*
David A. Ruhnke, Esq.
RUHNKE & BARRETT
47 Park Street
Montclair, NJ 07042
(973)744-1000 (phone)
(973)746-1490 (fax)
Counsel to Mr. Salatino

Dated:      New York, New York
       April 26, 2020

1

MEMORANDUM OF LAW WITH
SEPARATE APPENDIX

ARGUMENT

UNDER THE TOTALITY OF THE CIRUMSTANCES, THIS
COURT SHOULD ORDER MR. SALATINO RELEASED
FROM MDC/BROOKLYN TO HOME CONFINEMENT FOR
THE SHORT REMAINING BALANCE OF HIS SENTENCE
(SIX WEEKS) OR, ALTERNATIVELY, REDUCE HIS
SENTENCE TO TIME-SERVED.

A.  Relevant procedural history and background.

On February 11, 2020, John Salatino appeared before the Court in response to a specification he had violated the terms of his supervised release. As the docketed minute entry of that day's proceedings reflect, undersigned counsel was appointed to represent Mr. Salatino, a guilty plea was entered, and the Court proceeded, on the request of the parties, to sentencing Mr. Salatino on the violation. After hearing from the parties and Mr. Salatino, the Court imposed a sentence of four months and ordered Mr. Salatino remanded to the custody of the United States Marshal. Supervised Release was not re-imposed. (ECF Docket entries 571, 572.)[1]

In addition to imposing the four-month custodial sentence, the Court made recommendations regarding Mr. Salatino's designation within BOP. Specifically, as set forth in the judgment, the Court recommended as follows:

---

[1]  A copy of the Court's judgment is reproduced at A1-3. ("A" to designate the separately-filed appendix to this motion.)

2

> The Court recommends that the Defendant be designated to a
> facility of an appropriate security level in the Buffalo, NY area.
> If at all possible, the Court requests that the Defendant not be
> designated to the MDC or MCC in the New York City area.

(A2.) Unfortunately, and despite the Court's recommendation to the contrary, BOP apparently did not find it "at all possible" to follow the Court's recommendation and Mr. Salatino has been incarcerated at MDC since February 11, 2020 and remains there as of the date of this filing. It is noted that MDC, as is the case with BOP on a system-wide basis, is locked down on a 24/7 basis to quarantine against the COVID-19 virus. Inmates are confined in a cell with another inmate for as many as 23 hours per day. Recreation and phone time are strictly rationed. Attorney contact via telephone or video-conferencing, while possible, is not easy. There is no in-person attorney visitation. There are no family visits. The conditions under which Mr. Salatino is serving his four-month sentence should be factored into this overall disussion.

B. <u>Status of requests made to BOP for Mr. Salatino's release to home confinement</u>.

As noted, the Court imposed a sentence of four months on February 11, 2020. Because his sentence does not exceed one year, Mr. Salatino will receive no time reductions for good conduct and must, therefore, serve the full four months instead of the usual 85%. Since the Court did not re-impose supervised release, it is apparent that Mr. Salatino will complete his sentence and must be released no later than June 11, 2020, some six weeks from now, with no further obligations regarding his federal conviction.

In light of the fact that Mr. Salatino is nearing the end of his sentence, undersigned counsel, on March 26 and 27 of this year, asked BOP, through the Warden of MDC, to place Mr. Salatino in home confinement pursuant to 18 U.S.C § 3624(c). (A4-7; A9.) The statute directs BOP to release prisoners serving the final weeks or months of their sentences to home or community confinement. Specifically, the statute, with emphasis supplied, provides, in relevant part, that:

> The Director of the Bureau of Prisons <u>shall</u>, to the extent practicable, ensure that a prisoner serving a term of imprisonment spends a portion of the final months of that term (not to exceed 12 months), under conditions that will afford that prisoner a reasonable opportunity to adjust to and prepare for the reentry of that prisoner into the community. . . .The authority under this subsection may be used to place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months. The Bureau of Prisons <u>shall</u>, to the extent practicable, place prisoners with lower risk levels and lower needs on home confinement for the maximum amount of time permitted under this paragraph.

Mr. Salatino more than satisfies those conditions. Although he does not have a scheduled release date *per se*, his sentence expires completely in approximately six weeks. BOP was further advised on March 26 that, if released, he can be securely confined in the community for the duration of his sentence. Specifically, Mr. Salatino would reside with his fiancée, Nicole Mayer at the address where he was previously living under supervised release. BOP was further advised that counsel had spoken with Ms. Mayer personally and confirmed that Mr. Salatino could reside with her if released. Ms. Mayer is a employed by the SUNY system at the University of Buffalo. (A6.) Mr. Salatino has no history of violence and poses no threat to the community.

4

In addition to raising the issue of Mr. Salatino's statutory entitlement to release, counsel also noted the impact of the COVID-19 pandemic on MDC's population and the additional circumstance of the need for Mr. Salatino's presence at home since, among other reasons, his 13-year old daughter (here referred to only by her initials, A.S.) was facing the probability of brain surgery for cancer in th3e near future. (A6, 7.) On this latter issue, it is noted that A.S. actually underwent brain surgery on April 24, 2020 (A10, 11) and may require additional surgery.

BOP has been kept fully apprised of all of the above developments. To date, however, and despite follow-up requests (A8, 11), BOP has not responded to any of these requests for action. Finally, even if there were not other reasons, releasing Mr. Salatino from MDC would reduce the population of that institution as it deals with the pandemic. This is a course suggested by the Attorney General of the United States. And was suggested to BOP by Mr. Salatino's counsel. (A7.)

C. The impact of the COVID-19 pandemic.

At this moment in our history, it seems wholly unnecessary to spend a great deal of time on the self-evident proposition that the COVID-19 pandemic is an extraordinary event. In the language of § 3582(c)(1)(A), the impact of the pandemic constitutes "extraordinary and compelling reasons" to justify an alteration of Mr. Salatino's sentence to one of home confinement or, indeed, to time-served. It is highly significant that Mr. Salatino is on the MDC list of inmates who are designated especially vulnerable to contracting the virus. This is due to existing medical conditions. The pandemic continues to spread within BOP facilities. System-wide figures released by BOP current

5

as of today's filing (April 26) are as follows: positive for coronavirus, 730 inmates, 317 staff; deaths from the coronavirus, 26 inmates, 0 staff.[2] It goes without saying that Mr. Salatino's conditions of confinement did not permit safety measures such as social-distancing and enhanced attention to personal sanitation.

Recognizing the undeniable and increased impact of the pandemic on inmates, numerous courts in this District, including this Court, have ordered inmates released pursuant to 18 U.S.C. § 3582(c)(1)(A). The following compilation is current as of 10 days ago: United States v. Phillip Smith, No. 12 Cr. 133 (JFK), ECF Dkt. 197 (S.D.N.Y. Apr. 13, 2020) (finding court could waive exhaustion requirement and granting compassionate release); United States v. William Knox, No. 15 Cr. 445 (PAE), ECF Dkt. No. 1088 (S.D.N.Y. Apr. 10, 2020) (granting release on consent; government initially opposed then agreed to waive exhaustion); United States v. Leon Santiago, No. 12 Cr. 732 (WHP), ECF Dkt. No. 235 (S.D.N.Y. Apr. 10, 2020) (granting release on consent); United States v. Kenneth Moore, No. 14 Cr. 476 (PGG) (granted on consent with 9 months remaining on sentence; government agreed to waive exhaustion because client at GEO); United States v. Nehemiah McBride, No. 15 Cr. 876 (DLC), ECF Dkt. No. 73, (S.D.N.Y. Apr. 7, 2020) (granting unopposed motion); United States v. Tia Jasper, No. 18 Cr. 390 (PAE), ECF Dkt. No. 441 (S.D.N.Y. Apr. 6, 2020) (granting unopposed motion); United States v. Clark Harris, No. 18 Cr. 364 (PGG), ECF Dkt. 413 (S.D.N.Y.

---

[2] *See* (https://www.bop.gov/coronavirus/; last visited April 26, 2020.)

Apr. 6, 2020) (granting unopposed motion); United States v. Nunzio Gentille, No. 19 Cr. 590 (KPF) (S.D.N.Y. Apr. 9, 2020) (granting release where government agreed to waive exhaustion and did not oppose motion); United States v. Zukerman, No. 16 Cr. 194 (AT), 2020 WL 1659880, at *1 (S.D.N.Y. Apr. 3, 2020) (waiving exhaustion requirement over government objection and granting release); United States v. Resnick, No. 12 Cr. 152 (CM), ECF Dkt. No. 461 (S.D.N.Y. Apr. 2, 2020) (granting release and finding exhaustion requirement met because request submitted by hand 30 days ago); United States v. Daniel Hernandez, No. 18 Cr. 834 (PAE), ECF Docket No. 446 (S.D.N.Y. Apr. 1, 2020) (granting compassionate release after BOP denied the request and converting remaining sentence to home confinement); United States v. Wilson Perez, No. 17 Cr. 513 (AT), ECF Docket No. 98, (S.D.N.Y. Apr. 1, 2020) (granting release based on health issues and finding court could waive exhaustion requirement; government did not object based on defendant's medical conditions); United States v. Eli Dana, No. 14 Cr. 405 (JMF), ECF Docket No. 108 (S.D.N.Y. Mar. 31, 2020) (granting compassionate release motion without exhaustion of administrative remedies, where government consented); United States v. Damian Campagna, No. 16 Cr. 78 (LGS), 2020 WL 1489829, at *1 (S.D.N.Y. Mar. 27, 2020) (granting compassionate release sentencing reduction to defendant convicted of firearms offenses based on defendant's health and threat he faced from COVID-19; government consented to reduction and agreed health issues and COVID-19 were basis for relief).

Granting relief in this case would be in line with what other Judges of this District have ordered, recognizing that every case is different.

7

D. <u>A family health emergency</u>.

As noted earlier, Mr. Salatino's 14-year old daughter, A.S., has been diagnosed with brain cancer and as recently as two days ago underwent brain surgery. (A10, 11.) BOP is aware of this circumstance and compassionate release on that basis has been requested. (A11.) Yet it remains an additional reason, over and above or in combination with the COVID-19 circumstances, weighing in favor of compassionate release. Mr. Salentino has joint custody of his daughter with his former wife, her mother. The mother of his young son is deceased. This is a time when a daughter needs the love and support of a father. He cannot provide that support while locked down at the MDC. A release based on compassion for A.S. is within this Court's discretion and wholly appropriate.

8

CONCLUSION

For the foregoing reasons, John Salatino respectfully requests that the Court

modify his sentence under 18 U.S.C. § 3582(c)(1)(A)(i) and release him to home

confinement or revise his sentence to one of time-served.

Respectfully Submitted,

*/s/ David A. Ruhnke*
David A. Ruhnke, Esq.
Counsel to John Salatino

Dated:      New York, New York
            April 26, 2020

CERTIFICATE OF SERVICE

Undersigned counsel hereby certifies that on the above date this motion, with appendix, was filed utilizing the Court's ECF system, thereby serving all parties, including the United States.

*/s/ David A. Ruhnke*